IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2007 MAR 16  P 2: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CUBIE EILAND and QUALITY          )
ASSURANCE TESTING                 )
LABORATORIES, INC.,               )
                                  )
        Plaintiffs,               )
                                  )
v.                                )   CIVIL ACTION NO.:
                                  )   2:07cv238-WKW
CITIBANK USA, N.A. and            )
QUIK PAWN SHOPE,                  )
                                  )
        Defendants.               )

## NOTICE OF REMOVAL

COMES NOW Citibank (South Dakota), N.A. as successor in interest to Citibank

USA National Association identified in the Complaint as Citibank USA, N.A. (herein

referred to as "Defendant" or "the Bank"), and files this Notice of Removal of this case

from the Circuit Court of Montgomery County, Alabama, wherein it is now pending, to

the United States District Court for the Middle District of Alabama, Northern Division.

As grounds for the removal of this action, the Bank states as follows:

1.    This action was commenced against the Bank and Co-Defendant Quik

Pawn Shope, in the Circuit Court of Montgomery County, Alabama, on February 14,

2007, bearing the Civil Action Number CV-2007-000279.  Quik Pawn Shope was served

with the Summons and Complaint on February 17, 2007.  The Bank was served with the

Summons and Complaint on February 26, 2007.  A true and correct copy of all process,

pleadings and orders served in this action to date are attached hereto as Exhibit "1."

2.    Removal of this case is timely as this Notice of Removal is filed within thirty (30) days after either Defendant was served with the Summons and Complaint. Co-Defendant Quik Pawn Shope has filed an Answer in State Court which in no way impairs the removal of this case.    See <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 244 (11th Cir. 2004); <u>Brown v Sasser, et al.</u>, 128 F.Supp.2d 1345 (M.D. Ala. 2000) (J. Thompson); <u>Haynes v. Gasoline Marketers, Inc.</u>, 184 F.R.D. 414 (M.D. Ala. 1999) (J. Albritton) (All holding that filing of Answer with affirmative defenses does not constitute waiver of right to remove case to Federal Court).

## I.    JURISDICTION

4.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  Specifically, Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

5.    Plaintiffs contend that Plaintiff Quality Assurance Testing Laboratories, Inc., applied for and was issued a Citibank Mastercard Corporate Credit Card (Complaint, ¶ 5).  Plaintiffs admit that they provided the credit card to an employee and gave that employee authorization to use the credit card. (Complaint, ¶ 6). Plaintiffs allege, however, that the employee made unauthorized charges on the credit card.  (Id. at ¶¶ 6 & 7).

6.    Plaintiffs contend, among other things, that the Defendant Citibank (South Dakota), N.A. "violated the Fair Debt Collection Practices Act, more particularly 15

U.S.C. 1692, et seq." (Complaint ¶¶ 20 & 21).  As such, Plaintiffs clearly attempt to assert a cause of action arising under the laws of the United States.[1]

7.    It is well recognized that such claims arise under the laws of the United States and thus are removable.  See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1364 (11th Cir. 1998) (recognizing propriety of removal of action which states claim under Fair Debt Collection Practices Act.); Joseph v. J.J. Mac Intyre Companies, L.L.C., 2002 WL 31778700 (Dec. 12, 2002, M.D. Calif.) (holding that addition of Fair Debt Collection Practices Act claim via an Amended Complaint creates federal jurisdiction and creates opportunity for removal.)

8.    This Court also possesses supplemental jurisdiction over all state law allegations of the Complaint.

## II.  CONCLUSION

9.    Co-Defendant Quik Pawn Shope, consents to and joins in this Notice of Removal as evidenced by the "Consent and Joinder of Quik Pawn Shope to Notice of Removal" filed contemporaneously herewith.

10.    A true and correct copy of this Notice of Removal has been filed with the Circuit Court of Montgomery County, Alabama.

11.    The Bank respectfully requests the opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event that remand is sought by Plaintiff or otherwise visited by the Court.

---

[1] The Bank denies each and every substantive allegation made by Plaintiffs and that they are entitled to any judgment, damages or relief whatsoever.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant Citibank (South Dakota), N.A. as successor in interest to Citibank USA National Association identified in the Complaint as Citibank USA, N.A. requests that the above-referenced case now pending in the Circuit Court of Montgomery County, Alabama be removed to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

RIK S. COZZI Bar No. 7144-Z48R
Attorney for Defendant Citibank (South
Dakota), N.A. as successor in interest to
Citibank USA National Association identified
in the Complaint as Citibank USA, N.A.
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

A true and correct copy of this pleading has been mailed, by United States Mail, first class, postage prepaid, to the following non-CM/ECF participants on this :

Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104
e-mail: dgmadison@bellsouth.net

George W. Walker, III, Esq.
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL 36101-0347

RIK S. TOZZI  (Bar No. 7144-Z48R)
Attorney for Defendant Citibank (South
Dakota), N.A. as successor in interest to
Citibank USA National Association identified
in the Complaint as Citibank USA, N.A.
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:  rst@starneslaw.com

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|

**IN THE** _____ Circuit _____ **COURT OF** _____ Montgomery _____ **COUNTY**

**Plaintiff** Cubie Eiland and Quality Assurance        v.  **Defendant** _____ CitiBank USA, N.A. and Quik
Testing Laboratories, Inc.                                                              Pawn Shope

**NOTICE TO** _____ CitiBank USA, N.A. _____

Post Office Box 6125, Sioux Falls, South Dakota 57117-6125

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIAT
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL O
YOUR WRITTEN ANSWER, EITHER ADDMITING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OI
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Donald G. Madison _____ WHOSI
ADDRESS IS _____
418 Scott Street
Montgomery, Alabama 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __ 30 __ DAYS AFTER THIS SUMMONS AND
COMPLAINT WIRE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
efendant.

[ ]  Service by certified mail of this summons is initiated upon the written request of _____
ursuant to the Alabama Rules of Civil Procedure.

ate _____        _____  By: _____
                                   Clerk/Register

[✓]  Certified Mail is hereby requested.       _Donald S Madison_
                                                Plaintiff's/Attorney's Signature

:TURN ON SERVICE:

]  Return receipt of certified mail received in this office on _____

]  I certify that I personally delivered a copy of the Summons and Complaint to _____
                                    in _____ (Date)
Alabama on _____                _____ County,
              (Date)

Date _____                Server's Signature _____

Address of Server _____        Type of Process Server _____

**EXHIBIT 1**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|

IN THE _____ Circuit _____ **COURT OF** _____ Montgomery _____ **COUNTY**

Plaintiff ___ Cubie Eiland and Quality Assuranc __ **v.** **Defendant** ___ CitiBank USA, N.A. and
_____ Testing Laboratories, Inc. _____ Quik Pawn Shop

NOTICE TO _____ Quik Pawn Shop _____
_____ 209 North Burbank Drive, Montgomery, Alabama 36117 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIAT
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL O
YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WIT
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU O
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Donald G. Madison _____ WHOS
ADDRESS IS _____ 418 Scott Street _____
_____ Montgomery, Alabama 36104 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS ANI
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FO
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☐  Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date _____         _____ By: _____

_____ Clerk/Register _____

☑ Certified Mail is hereby requested.    _Donald A. Madison_
_____ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
_____ (Date)
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____
_____ (Date)

Date _____         Server's Signature _____

Address of Server _____         Type of Process Server _____

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CUBIE EILAND, an individual, and QUALITY ASSURANCE TESTING LABORATORIES, INC., a corporation, | ) ) ) ) | |
|       Plaintiffs | ) ) | |
| vs. | ) ) | CASE NO. : CV-07-_____ |
| CITIBANK USA, N.A., a banking corporation, QUIK PAWN SHOP, and A, B, and C, being other corporations, partnerships, or other business entities whom are, or may be, liable for the matters complained of by Plaintiffs, whose names and/or participation in the matters complained of are not know known or have not yet been ascertained, | ) ) ) ) ) ) ) ) ) ) | JURY DEMAND REQUESTED |
|       Defendants. | ) ) | |

## COMPLAINT

1.    Cubie Eiland is an individual resident of the City and County of Montgomery, Alabama, having resided in said city and county for more than six (6) months preceding the filing of this Complaint. At the time of the matters hereinafter complained, Cubie Eiland (hereinafter referred to as the Defendant C. Eiland) was employed by, and secretary of, Quality Assurance Testing Laboratories, Inc.

2.    Quality Assurance Testing Laboratories, Inc., (hereinafter referred to as Plaintiff Quality) is an Alabama corporation with its principle office located at 2635 Highland Avenue, Montgomery, Alabama. The Plaintiff Quality has been doing business in Montgomery for over thirty (30) years, and has always enjoyed an excellent credit rating as said Plaintiff has always strove to

pay its bills on time in order to preserve said outstanding credit record.

3.    The Defendant CitiBank USA, N.A.'s (hereinafter referred to as the Defendant CitiBank), state of incorporation is not now known, but shall be substituted when ascertained. Said Defendant has been operating its principle office at 710 East 60th Street North, Mail Code 3270, Sioux Falls, S.D. 57117. Said Defendant was doing business in Alabama at the time of the matters complained of by Plaintiffs, which doing business consisted of offering credit card/banking services in this state. The Defendant Quality was issued a credit card through its applicant, Douglas E. Eiland, President of the Defendant Quality.

4.    The Defendant Quik Pawn Shop's (hereinafter referred to as the Defendant Quik Pawn), state of incorporation is not now known, but shall be substituted when ascertained. The Defendant Quik Pawn was doing business in the City of Montgomery, Montgomery County, Alabama, at the time of the matters hereinafter complained, with one business location at 209 North Burbank Drive, Montgomery, Alabama, 36117.

## FACTS

5.    The Plaintiff Quality entered into a credit card agreement with the Defendant CitiBank and was issued a CitiBank Mastercard Corporate Credit Card. The credit card was used by Defendant Quality strictly for business purposes. The Defendant Quality at all times up to the matters hereinafter complained, paid their CitiBank credit card on time. In fact, the Defendant Quality paid all of its bills on time, and enjoyed a superior credit rating for its timely payments under all its debts.

6.    On or about May 10, 2006, the Defendant Quality had allowed an employee to use the credit card solely for the purpose of purchasing oil at the Auto Zone. On said date, the

2

Defendant's employee, Stephen Michael Kelley, went to the Defendant Quik Pawn and charged a one hundred eighty dollar ($180.00) gold chain, which purchase was an unauthorized use of the Plaintiff Quality's credit card.

7.      When the credit card bill was received, the Plaintiff Quality immediately contacted the Defendant Quik Pawn to ascertain what item was purchased there on May 10, 2006. The Plaintiff Quality learned that a gold chain had been purchased by its employee at the Defendant Quik Pawn's business as it questioned the charge with the Defendant CitiBank after receiving the CitiBank credit card statement dated May 12, 2006.

8.      The Plaintiff Quality advised the Defendant CitiBank of the unauthorized charges made on the Quality credit card and sought reversal of said charges on or about May 23, 2006. The Defendant Quality completed a form required to be completed by the Defendant CitiBank for reporting the unauthorized use. Defendant Quality demanded the charges be reversed. The Defendant CitiBank then contacted the Defendant Quik Pawn whom provided a copy of the charge which clearly showed that the signature was set up for the appropriate officer of Quality, Mr. Douglas E. Eiland; but someone other than Mr. Eiland had signed the charge card on May 10, 2006, in purchasing the gold chain at the Defendant Quik Pawn Shop.

Not only did the Plaintiff Quality notify both of said Defendants that the charges were unauthorized; but Plaintiff Quality also notified both Defendants of said unauthorized charges through certified letters mailed by Quality's attorney, which letters were received by both Defendants.

9.      Notwithstanding said additional notice, the Defendant CitiBank, by and through its employees, agents, contractors and others (designated as fictitious defendants) began billing the

3

Plaintiff Quality for not only the original charge, but also late fees and interest on the accumulating balance. Also, the Defendant CitiBank, its employees, agents, assigns and/or others acting by or on behalf of said Defendant CitiBank, began harassment of the Defendant Quality through harassing phone calls made to the Plaintiff Quality attempting to collect the disputed debt; as well as began making harassing phone calls to the Plaintiff C. Eiland at the office as well as at her home

10.    In any event, both the Defendant CitiBank and the Defendant Quik Pawn knew that a claim for unauthorized use had been filed by Plaintiff Quality. Notwithstanding, the Defendant Quik Pawn then allowed the same individual to make an additional unauthorized charge on Plaintiff Quality's credit card purchasing a two hundred seventy-five dollar ($275.00) item at the Defendant Quik Pawn on or about June 9, 2006. On information and belief of Plaintiff Quality (based upon representations made by the Defendant CitiBank), the $275.00 of charges were reversed back to the Defendant Quik Pawn; but no refund was made by the Defendant Quik Pawn to Plaintiff Quality.

Additionally, the Defendant CitiBank failed to credit the Plaintiff Quality's credit card account.

11.    At all times, and in a timely manner, Plaintiff Quality provided proper written notice of its claim for the illegal transaction and requested a refund, which both Defendants have denied.

12.    Thereafter, and for completely unknown reasons, the Defendant CitiBank, without permission nor authorization, changed the cardholder name and authorized signatory to Plaintiff C. Eilands' name. Said Defendant CitiBank then, by and through, its agents, employees, contractors, subcontractors, began harassing Plaintiff C. Eiland through adverse phone calls, rude and insulting calls made to Plaintiff C. Eiland by person known only as "Bambi" or others. They additionally disparaged the Defendant C. Eiland and Defendant Quality's non-payment of the disputed claim,

4

through intentionally false and misrepresentative credit reporting that impuned the Plaintiff Quality's credit standing. Additionally, the Defendants CitiBank and Quik Pawn have converted funds, money, specie, of the Plaintiff Quality to said Defendants' enjoyment and benefit to the damage and detriment to Plaintiff Quality.

13. The Defendant CitiBank, either acting on its own or acting by and through its agents, employees, contractors, subcontractors, independent contractors, subsidiaries, assigns and/or partners or otherwise, have negligently, knowingly, intentionally and with a reckless disregard for the truth, reported false and misrepresentative facts to credit reporting agencies that the Plaintiff C. Eiland failed to pay her debts when the same were due, which debts were not hers to pay, and for which the Plaintiff C. Eiland had no legal obligation nor contract to pay. The Defendant CitiBank, and/or its agent, has damaged the Plaintiff C. Eiland's good credit record by falsely reporting that she had not paid her contractual obligations in a timely manner. As a result, the Plaintiff C. Eiland was damaged.

14. The Defendants A, B, and C are employees, agents, corporations, subcontractors, independent contractors and/or employees, whom may have engaged in the matters complained of in the preceding paragraphs (derogatorily reported adverse credit information against both Plaintiffs, as well as altered the authorized signatory of the credit card to C. Eiland's name; harassed both Quality and C. Eiland), whose names and the nature of their participation are not now known but shall be substituted when ascertained.

## COUNT 1

15. Plaintiff C. Eiland incorporates paragraphs 1-14 of the Complaint herein as if the same were more fully set forth.

16.     Plaintiff C. Eiland claims that the Defendant CitiBank libeled her by publishing or causing derogatory credit reporting to be published to credit reporting agencies and, hence, available to the public and to third persons; the adverse and derogatory credit reporting which impunes said Plaintiff's reputation, name and standing in the community.  Said libelous action further infringes on Plaintiff's First (1st) and Fourteenth (14th) Amendment constitutional right in portraying the Plaintiff C. Eiland to the public in a false light.

17.     Said libel was performed without any basis in fact, was without performed knowingly, intentionally and with a reckless disregard for the truth of the matter asserted.  The Defendants have been informed that the debt was not Plaintiff C. Eiland's, and have derogatorily and falsely reported the misrepresentations notwithstanding, having refused to remove the credit reporting, as well as were warned against derogatorily reporting the false information prior to reporting the same.  The wanton nature of the infringement of Plaintiff's 1st Amendment rights' violation, as well as the libelous nature of the publication, require imposition of punitive damages.

18.     Additionally, Plaintiff claims such compensatory damages in excess of the jurisdictional minimum of this Court for actual damages, including mental pain, suffering and damage to reputation, caused by Defendants' acts, plus such other damages as a jury may award; such punitive damages as a jury may assess; a reasonable attorney's fee and costs of the action.

## COUNT 2

19.     Plaintiff E. Eiland incorporates paragraphs 1-14 of the Complaint and paragraphs 15-18 of Count 1 of the Complaint herein by this reference as if the same were more fully set forth.

20.     Plaintiff C. Eiland avers that the Defendant CitiBank by and through its employees, agents, assigns, contractors, subcontractors or others acting by or on behalf of the Defendant CitiBank, in reporting derogatory credit against her where the credit card was not in her name, as well as in altering the commercial credit card account in order to adversely and derogatorily report adverse credit information against the Plaintiff C. Eiland, violated the Fair Debt Collection Practices Act, more particularly 15 USC 1692e, *et.seq.*, as amended and/or modified, in falsely and misleadingly reporting adverse credit information against Plaintiff C. Eiland's credit.

21.     Additionally, said Defendant CitiBank, by and through its employees, agents, contractors, subcontractors, assigns or others acting by or through the Defendant CitiBank, violated the "Unfair Practices" portions of the Fair Debt Collection Practices Act (15 USC 1692f (1), *et.seq.*), by attempting to collect a debt from a consumer whom was not liable for the debt which was attempted to be collected.

22.     That actions of said Defendant CitiBank (its employees, agents, contractors, subcontractors, assigns and./or persons acting by or through said Defendant CitiBank) were intentional, wanton and recklessly engaged in without regard to the consequences of said actions. As a result, the Plaintiff C. Eiland claims such compensatory damages as amount to the jurisdictional minimum of this Court; damages for damage to reputation; damages for mental pain and suffering; as well as such punitive damages, as a jury may award.

## COUNT 3

23.     Plaintiff C. Eiland incorporates paragraphs 1-14 of the Complaint, paragraphs 15-18 of Count 1 of the Complaint and paragraphs 19-22 of Count 2 of the Complaint as if the same

7

were more fully set forth herein.

24.    Plaintiff C. Eiland claims that individuals A, B, and C are persons and/or entities whose names are not now known, but whose names shall be substituted when ascertained, whom engaged in the making of harassing phone calls to Plaintiff C. Eiland; changed the Quality credit card authorized signatory to C. Eiland; and derogatorily reported adverse credit against the Plaintiff C. Eiland. Additionally, said fictitious Defendants A,B, and C are the other business entities employing the individuals engaging in said wrongful actions if not the Defendant CitiBank, but whom were acting by or on CitiBank's behalf, or through contract with CitiBank and/or as CitiBank's assigns.

## COUNT 4

25.    Plaintiffs incorporate paragraphs 1-14 of the Complaint; paragraphs 15-18 of Count 1 of the Complaint; paragraphs 19-22 of Count 2 of the Complaint; and paragraphs 23-24 of Count 3 of the Complaint, herein as if the same were more fully set forth.

26.    Plaintiff Quality avers that the Defendant Quik Pawn, in receiving a credit of the $275.00 unauthorized charge, but in failing to remit said funds to Plaintiff Quality, converted funds belonging to the Plaintiff Quality to the sole and exclusive benefit of the Defendant Quik Pawn.

The Defendant CitiBank failed to credit the credit card account of the Plaintiff Quality for the $275.00 unauthorized charge. The Defendant CitiBank therefore converted funds, chattel paper or other named specie of the Plaintiff Quality.

27.    That said conversion was wilful, intentional, wanton and with a reckless disregard of Plaintiff Quality's rights particularly as said Defendant Quik Pawn had notice of the

8

unauthorized charge being made at said Defendant's store prior to the second charge being made, and failed thereafter (even after receiving a reversal of said charge by CitiBank) to reimburse the Plaintiff Quality. As a result, the Plaintiff is entitled to punitive damages for the Defendant Quik Pawn's and Defendant CitiBank's wanton, intentional conversion of Plaintiff Quality's funds, money, credit, specie, or other denomination of converted item.

28.    As a result, the Defendant Quality demands against both Defendants, jointly and severally, such compensatory damages as a jury may award, pre-judgment interest, such punitive damages as a jury may award plus the Defendant Quality's attorney's fees and cost of the action.

## COUNT 5

29.    The Plaintiffs incorporate paragraphs 1-14 of the Complaint; paragraphs 15-18 of Count 1 of the Complaint; paragraphs 19-22 of Count 2 of the Complaint; paragraphs 23-25 of Count 3 of the Complaint; and paragraphs 26-28 of Count 4 of the Complaint, herein by this reference as if said paragraphs were more fully set forth.

30.    The Plaintiffs aver that the Defendant Quik Pawn shop negligently permitted a non-corporate, unauthorized signatory to execute a credit transaction wherein goods were purchased in the store of Defendant Quik Pawn which said Defendant knew, or should have known, were not being purchased for the corporate business. Furthermore, the Plaintiff negligently failed to ascertain the true authorized signatory to the contract; and, instead, allowed a party whom was not a party to the contract, purchase goods on the Plaintiff's corporate credit card. As a proximate result of the Defendant's negligence, the Plaintiffs were damaged.

31.    Furthermore, the Defendant Quik Pawn permitted charges to be made by the unauthorized person after being placed on notice of the unauthorized charge made on May 10,

2006 (the second charge occurring after that date). Therefore, the Defendant Quik Pawn acted wantonly and/or in a grossly negligent manner, thereby entitling Plaintiffs to punitive damages.

32.    The Plaintiffs, jointly and severally, claim that because of the Defendants' gross negligence that Plaintiffs be awarded compensatory damages in an amount of at least the jurisdictional minimums of this Court; damages for mental anguish and pain; such punitive damages as a jury may award; Plaintiffs' costs of this action; and a reasonable attorney's fee.

### COUNT 6

33.    Plaintiffs incorporate paragraphs 1-14 of the Complaint; paragraphs 15-18 of Count 1 of the Complaint; paragraphs 19-22 of Count 2 of the Complaint; paragraphs 23-25 of Count 3 of the Complaint; paragraphs 26-28 of Count 4 of the Complaint; and paragraphs 29-32 of Count 5 of the Complaint, as if the same were more fully set out.

34.    Plaintiffs claim that the Defendant CitiBank in instructing, allowing, causing or in anyway modifying the contract terms between Plaintiffs and the Defendant CitiBank by altering the signatory on said account, as well as in attempting to collect from C. Eiland, knowing that unauthorized transactions had occurred, acted negligently in altering the account information.

35.    That in altering said account information, the Defendant CitiBank knew or had been placed on notice of the first unauthorized charge occurring on May 10, 2006. As a result, the Defendant CitiBank acted wantonly, deliberately and in a grossly negligent manner, thereby damaging Plaintiffs, jointly and severally.

36.    The Plaintiffs therefore claim such compensatory damages as are minimum for the jurisdiction of this Court; such compensatory damages for the mental pain and suffering to which a jury may award ; the pre-judgment interest; and a reasonable attorney's fee.

10

## COUNT 7

37.     The Plaintiffs incorporate paragraphs 1-14 of the Complaint; paragraphs 16-18 of Count 1 of the Complaint; paragraphs 18-22 of Count 2 of the Complaint; paragraphs 23-25 of Count 3 of the Complaint; paragraphs 26-29 of Count 4 of the Complaint; paragraphs 30-32 of Count 5 of the Complaint; and paragraphs 33-36 of Count 6 of the Complaint, herein as if they were more particularly set out.

38.     The Plaintiffs Quality and C. Eiland, jointly and severally, claim that the Defendant CitiBank in refusing to credit Plaintiff Quality's credit card, as well as to reverse the unauthorized charges, and in altering the signatory under the contract; as well as in causing a non contract party (Plaintiff C. Eiland) to be harassed for payment of the outstanding debt in causing derogatory credit to be reported against Plaintiff Quality's good credit standing and reputation, violated the Federal Credit Card Act, or such other federal legislation as is applicable to corporate, non-consumer credit card accounts. As a result, the Plaintiffs were damaged.

39.     The Plaintiffs therefore claim compensatory damages in an amount as is greater than the jurisdictional minimum of this Court; such further damages for mental pain and suffering; such punitive damages as a jury may award; Plaintiffs' attorney's fee and costs.

WHEREFORE THE PREMISES CONSIDERED, the Plaintiffs C. Eiland and Quality pray that they be awarded such compensatory damages as are equal to the jurisdictional minimum of this Court; such damages for mental pain and suffering; such punitive damages, as a jury may award; a reasonable attorney's fee; and pre-judgment interest and costs of this action.

11

Respectfully submitted,

*Donald G Madison*

DONALD G. MADISON (MAD 008)
Attorney for Plaintiffs

OF COUNSEL:
DONALD G. MADISON
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-mail dgmadison@bellsouth.net

## PLAINTIFFS REQUEST TRIAL BY JURY

## PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

CitiBank USA, N.A.
Post Office Box 6125
Sioux Falls, South Dakota 57117-6125

Quik Pawn Shop
209 North Burbank Drive
Montgomery, Alabama 36117

12

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CUBIE EILAND, an individual, and QUALITY ASSURANCE TESTING LABORATORIES, INC., a corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. CV-2007-279 |
| CITIBANK USA, N.A., a banking corporation, QUIK PAWN SHOP, | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANT EFS, INC. D/B/A QUIK PAWN SHOP

Defendant EFS, Inc. d/b/a Quik Pawn Shop [hereinafter "Quik Pawn"], which is incorrectly named in Plaintiffs' complaint, by and through counsel, answers the allegations of Plaintiffs Cubie Eiland and Quality Assurance Testing Laboratories, Inc. [hereinafter "Quality"] as follows:

1.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 1 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

2.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 2 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

3.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 3 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

4.    Admitted to the extent that Defendant Quik Pawn does business in Montgomery County, Alabama.

5.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 5 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

6.    Admitted to the extent that an individual charged a purchase from Defendant Quik Pawn on a corporate credit card issued to Defendant Quality. As to the remaining allegations of paragraph 6 of Plaintiffs' complaint, Defendant Quik Pawn lacks sufficient information to admit or deny said allegations; therefore, for purposes of this answer, said allegations are denied.

7.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 7 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

8.    Admitted to the extent that Defendant Quik Pawn provided a copy of the charge in question. Defendant Quik Pawn further admits that it received a letter purportedly sent from Plaintiff Quality's attorney. With respect to the remaining allegations of paragraph 8 of Plaintiffs' complaint, Defendant Quik Pawn lacks sufficient information to admit or deny said allegations; therefore, for purposes of this answer, said allegations are denied.

9.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 9 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

10.    As to the allegations regarding Defendant Quik Pawn, said allegations are denied. With respect to the allegations regarding Defendant Citibank, Defendant Quik Pawn lacks sufficient information to admit or deny said allegations; therefore, for purposes of this answer, said allegations are denied.

2

11.    Denied.

12.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 12 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

13.    Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 13 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

14.    No response is called for as to the allegations regarding fictitious defendants. To the extent any response is required, said allegations are denied to the extent they purport to involve allegations and/or claims against Defendant Quik Pawn.

## Count One

15.    Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

16.    No response is called for from Defendant Quik Pawn as to the allegations of paragraph 16 of Plaintiffs' complaint as those allegations relate solely to Defendant Citibank.

17.    Denied.

18.    Defendant Quik Pawn denies that Plaintiffs are entitled to any damages as against it.

## Count Two

19.    Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

20.    No response is called for from Defendant Quik Pawn as to the allegations of paragraph 20 of Plaintiffs' complaint as those allegations relate solely to Defendant Citibank.

3

21.    No response is called for from Defendant Quik Pawn as to the allegations of paragraph 21 of Plaintiffs' complaint as those allegations relate solely to Defendant Citibank.

22.    No response is called for from Defendant Quik Pawn as to the allegations of paragraph 22 of Plaintiffs' complaint as those allegations relate solely to Defendant Citibank.

### Count Three

23.    Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

24.    No response is called for from Defendant Quik Pawn as to the purported claims asserted against fictitious defendants.  To the extent any of said claims purport to allege a claim and/or wrongdoing as against Defendant Quik Pawn, said allegations are denied.

### Count Four

25.    Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

26.    Denied as to the allegations regarding Defendant Quik Pawn. Defendant Quik Pawn lacks sufficient information to admit or deny the allegations as against Defendant Citibank; therefore, for purposes of this answer, said allegations are denied.

27.    Denied.

28.    Defendant Quik Pawn denies that Plaintiffs are entitled to any damages as against it.

### Count Five

29.    Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

4

30. Denied except to the extent that Defendant Quik Pawn admits that Plaintiff was negligent as alleged in paragraph 30 of Plaintiffs' complaint.

31. Denied.

32. Denied.

### Count Six

33. Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

34. Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 34 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

35. Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 35 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

36. Defendant Quik Pawn denies that Plaintiffs are entitled to any damages as against it.

### Count Seven

37. Defendant Quik Pawn realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

38. Defendant Quik Pawn lacks sufficient information to admit or deny the allegations of paragraph 38 of Plaintiffs' complaint; therefore, for purposes of this answer, said allegations are denied.

39. Defendant Quik Pawn denies that Plaintiffs are entitled to any damages as against it.

40.    To the extent not expressly admitted, the allegations of Plaintiffs' complaint are denied.

### First Affirmative Defense

The complaint and each count thereof as to Defendant Quik Pawn fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims of negligence are barred by their own contributory negligence.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiffs' demand for punitive damages violates the excessive fines provisions, due process clauses and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

### Fifth Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any.

### Sixth Affirmative Defense

Plaintiffs are not entitled to the recovery of attorneys' on any claims asserted against Defendant Quik Pawn.

### Seventh Affirmative Defense

Defendant Quik Pawn pleads all procedural and substantive limitations regarding the imposition of punitive damages including, but not limited to, the statutory limits applicable thereto.

6

s/ George W. Walker, III
George W. Walker, III (WAL097)

COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL  36101-0347
Phone:  (334) 834-1180
Fax:  (334) 834-3172

Counsel for Defendant EFS, INC. d/b/a
QUIK PAWN SHOP

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

**Counsel for Plaintiffs:**
Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL  36104
Tel:  263-4800
Fax: 265-8511
Email: dgmadison@bellsouth.net

and a copy by First Class U.S. Mail to:

CitiBank USA, N.A.
P. O. Box 6125
Sioux Falls, SD  57117-6125

s/ George W. Walker, III
Of Counsel

7