IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CUBIE EILAND and QUALITY ASSURANCE TESTING LABORATORIES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Civil Action No.: 07-cv-238-WKW-WC |
| | ) | |
| CITIBANK USA, N.A. and QUIK PAWN SHOP, | ) ) | |
| Defendants. | ) ) | |

## ANSWER

COMES NOW Citibank (South Dakota), N.A. as successor in interest to Citibank USA, National Association identified in the Complaint as Citibank USA, N.A. (herein referred to as "Defendant" or "The Bank"), and for answer to Plaintiffs' Complaint and each paragraph therein, separately and severally, states as follows:

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

All the claims and causes of action asserted in Plaintiffs' Complaint may be subject to arbitration; and, therefore, these proceedings should be dismissed or stayed, with an Order entered requiring that all of Plaintiffs' claims and causes of action be resolved by way of binding arbitration.

{B0692442}

## SECOND AFFIRMATIVE DEFENSE

The Bank did not know, or have reason to know, of any inaccuracies in Plaintiffs' credit information.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against The Bank upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

The Bank pleads the general issue.

## FIFTH AFFIRMATIVE DEFENSE

The Bank pleads privilege and qualified privilege.

## SIXTH AFFIRMATIVE DEFENSE

The Bank pleads justification and qualified justification.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert any claim or causes of action against The Bank.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with all applicable conditions precedent.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of contributory negligence.

{B0692442}

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of consent and acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the statute of frauds and/or Parol Evidence Rule.

{B0692442}

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred or preempted, in whole or in part, by applicable federal law.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred by the voluntary payment doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of ratification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any actual damages that they may have incurred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not alleged or sustained any actual damages which were caused by The Bank, or for which The Bank is liable. Plaintiffs have not incurred or suffered any actual damages including, but not limited to, mental anguish damages.

{B0692442}

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the alternative, any actual damages that Plaintiffs may have incurred are the result of acts or omissions of individuals or entities other than The Bank, and for which The Bank is not legally responsible.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all times, The Bank acted in good faith and without malice or intent to injure Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are governed by a state law other than Alabama.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Venue, while proper in this Court, was improper being in the Circuit Court of Montgomery County, Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of recoupment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims and causes of action against The Bank are barred, in whole or in part, by the doctrine of set-off.

{B0692442}

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, ALA. CODE (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat. *See* Honda Motor Company Limited v. Oberg, 512 U.S. 415, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994).

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

     a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant, upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

{B0692442}

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

c.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

e.    Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for

7

the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.    Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.    Plaintiffs' claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law.

i.    Plaintiffs' claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the

8

determination of punitive damages cause the Defendant to be treated differently from other similarly situated persons/entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

      j.    Plaintiffs' claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject the Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

      k.    Plaintiffs' claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

{B0692442}

l.      Plaintiffs are not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to the United States Constitution to compel the Defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.      The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.      It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

{B0692442}

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of the Defendant's due process rights guaranteed by the Alabama Constitution.

c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law in violation of the Alabama Constitution.

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendant of due process of law in violation of the Alabama Constitution.

e.    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.    The procedures pursuant to which punitive damages are awarded cause the Defendant to be treated differently from other similarly situated persons and/or entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by the Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

{B0692442}

g.     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies the Defendant its rights of equal protection and due process.

h.     The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of the Defendant's due process rights.

i.     The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

j.     It is a violation of the Alabama Constitution to impose punitive damages against the Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

k.     The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged

12

{B0692442}

misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

l.      The procedures pursuant to which punitive damages are awarded expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of their right to a judicial resolution of this dispute.

m.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.      Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

{B0692442}

o.    Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

An award of punitive damages will violate the Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and the Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give the Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of

14

punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Defendant; (e) the Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## **THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective size of their alleged misconduct and will, therefore, violate the Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth

{B0692442}

Amendments to the United States Constitution and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct and, thus, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against The Bank on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of

16

{B0692442}

punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged size of the wrong committed by the tortfeasor, and would violate each and every Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article 1, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against defendants on a joint and several liability basis would violate the Defendant's rights under the Eighth Amendment to the United States Constitution and Article 1, § 15 of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of an award of punitive damages against defendants on a joint and several liability basis would violate the Defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendment to the Constitution of the United States, and Article 1, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

17

{B0692442}

a.    It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

b.    Defendant is denied a fair opportunity to have the jury assess damages based on each defendant's culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

c.    In failing to provide for joint contribution and an apportionment of damages among defendants, the defendant is deprived of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States, and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law

d.    In failing to provide for joint contribution and an apportionment of damages among defendants, the defendant is deprived of property without due process of law contrary to Article 1, § 6 of the Constitution of Alabama which provides that no person shall be deprived of property except by due process of law.

{B0692442}

## THIRTY-NINTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against defendant on a joint and several liability basis would deprive the Defendant of its rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the Defendant or the Defendant's agents or employees and/or without apportionment of damages based on the degree of culpability of the Defendant, if any.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiffs' claim for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial

19

{B0692442}

would violate the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless the Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs for punitive damages against the Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights

{B0692442}

guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs for punitive damages against the Defendant cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would violate Defendant's rights under the Alabama Constitution and the United States Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages in this case is unconstitutional in that it seeks to punish the Defendant for, and deter the Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs for punitive damages against the Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on

{B0692442}

the case of <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld based on the opinion of the United States Supreme Court in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), in which the Court determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a Defendant's rights provided by the United States Constitution. *See also* <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld under <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that this Defendant will more fully comply with this state's laws in the future.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiffs' claim for punitive damages is not

22

{B0692442}

necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct. <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155 , L. Ed. 2d 585 (April 7, 2003).

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages in this case is unconstitutional in that it seeks to punish this Defendant for, and deter this Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155, L. Ed. 2d 585 (April 7, 2003).

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The claims of the Plaintiffs for punitive damages cannot be upheld to the extent they violate or contravene the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of  <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155, L. Ed. 2d 585 (April 7, 2003).

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against The Bank are barred and or preempted, in whole or in part, by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

{B0692442}

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

The Bank is not a debt collector, as that term is defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and thus may not be held liable under this statute.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part by the statute of limitations as set forth in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

The Bank is not liable for the unforeseen criminal acts of a third-party.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred due to Plaintiffs' failure to satisfy all conditions precedent to maintain or bring a claim under the Fair Credit Reporting Act.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

### FIFTY-NINTH AFFIRMATIVE DEFENSE

The Bank is immune, pursuant to Federal law, from Plaintiffs' claims and allegations.

{B0692442}

## SIXTIETH AFFIRMATIVE DEFENSE

The Bank cannot be vicariously liable pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## SIXTY-FIRST AFFIRMATIVE DEFENSE

The Bank reserves the right to assert any affirmative defense that may be discovered during the course of additional investigation and discovery.

## INTRODUCTION

1.   The Bank lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph One of the Complaint and, therefore, must deny the same and demands strict proof thereof.

2.   The Bank lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph Two of the Complaint and, therefore, must deny the same and demands strict proof thereof.

3.   The Bank admits that it is a national bank with its sole place of business at 701 East 60th Street, Sioux Falls, South Dakota, 57117. No response is necessary to the allegation that The Bank was "doing business in Alabama at the time of the matters complained of by Plaintiffs" because this allegation calls for a legal conclusion. To the extent that a response is necessary to this allegation, The Bank denies the same and demands strict proof thereof. The Bank further admits

{B0692442}

an account was issued in March 1990 jointly in the names of Quality Assurance Test, Inc with Douglas E. Eiland as the authorizing officer of Quality Assurance Test, Inc.

4.    The Bank lacks sufficient knowledge or information to form a belief as to the allegations regarding the state of incorporation and address of Co-Defendant Quik Pawn Shop and, therefore, must deny the allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

## **FACTS**

5.    The Bank admits an account was issued in March 1990 jointly in the names of Quality Assurance Test, Inc with Douglas E. Eiland as the authorizing officer of Quality Assurance Test, Inc.  The Bank lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 5.

6.    The Bank admits that the Plaintiff Quality Insurance Testing Laboratories, Inc., allowed its employee to use the credit card at issue and is liable for all charges made on the Account.  The Bank lacks sufficient knowledge or information to respond to the remaining allegations contained in paragraph 6 of the Complaint and, therefore, must deny the same and demands strict proof thereof.

26

7.    The Bank lacks sufficient knowledge or information as to the actions of the Plaintiff in regard to Defendant Quik Pawn and, therefore, must deny the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof. The Bank admits that it was contacted on May 23, 2006 by a representative of Plaintiff requesting a copy of the charge slip from Quik Pawn in the amount of $180.00, but denies any remaining allegations as to The Bank contained in Paragraph 7.

8.    The Bank admits that Douglas E. Eiland signed and returned a Cardholder Dispute Form claiming that the $180.00 charge was unauthorized, and that The Bank provided Mr. Eiland with a copy of the signed sales draft.  The Bank further admits that it received correspondence from Douglas Madison in connection with the dispute.   The Bank denies that any charges on the Account were unauthorized. The Bank denies the remaining allegations contained in Paragraph 8.

9.    The Bank admits that it billed the Plaintiffs for fees and charges incurred on the Account in accord with the terms of the applicable card agreement. The Bank denies the remaining allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10.    The Bank admits that  a charge in the amount of $275.00 from Quick Pawn Shop posted to the account on June 12, 2006; however, The Bank denies that

27

{B0692442}

either the $180.00 charge or the $275.00 charge were unauthorized. The Bank further admits that the account was not credited for the $275.00. The Bank lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 10, and therefore must deny same and demand strict proof thereof.

11.    The Bank denies that Plaintiffs are entitled to a refund. The Bank lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 11, and therefore must deny same and demand strict proof thereof.

12.    The Bank lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12, and therefore must deny same and demands strict proof thereof.

13.    The Bank denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14.    The allegations contained in paragraph 14 of the Complaint are not directed at The Bank and therefore no response is necessary. To the extent that a response is necessary, The Bank denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

28

## COUNT ONE

15.    The Bank adopts and realleges its responses to paragraph 1 through 14 of the Complaint the same as if set forth fully herein.

16.    The Bank denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17.    The Bank denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.    The Bank denies the Plaintiffs are entitled to any judgment, damages and/or relief whatsoever.

## COUNT TWO

19.    The Bank adopts and realleges its responses to paragraphs 1 through 18 of the Complaint the same as if set forth fully herein.

20.    The Bank denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21.    The Bank denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

{B0692442}

22.    The Bank denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.    The Bank further denies that Plaintiffs are entitled to any judgment, damages, and/or relief whatsoever.

## COUNT THREE

23.    The Bank adopts and realleges its responses to paragraphs 1 through 22 the same as if set forth fully herein.

24.    The Bank denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

## COUNT FOUR

25.    The Bank adopts and realleges its responses to paragraphs 1 through 24 of the Complaint the same as if set forth fully herein.

26.    The Bank lacks sufficient knowledge and information to form a belief as to the actions of Co-Defendant Quik Pawn and therefore, denies the allegations that relate to Co-Defendant Quik Pawn and demands strict proof thereof.  The Bank denies all remaining allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27.    The Bank denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

30

28.    The Bank denies that the Plaintiffs are entitled to any judgment, damages and/or relief whatsoever.

## **COUNT FIVE**

29.    The Bank adopts and realleges its responses to paragraphs 1 through 28 of the Complaint the same as if set forth fully herein.

30.    The allegations contained in paragraph 30 of the Complaint are directed at a Defendant other than The Bank and thus no response is necessary to this paragraph of the Complaint. To the extent a response is necessary, The Bank denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31.    The allegations contained in paragraph 31 of the Complaint are directed at a Defendant other than The Bank and thus no response is necessary to this paragraph of the Complaint. To the extent a response is necessary, The Bank denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32.    The Bank denies that the Plaintiffs are entitled to any judgment, damages and/or relief whatsoever.

{B0692442}

## **COUNT SIX**

33.    The Bank adopts and realleges its responses to paragraphs 1 through 32 of the Complaint the same as if set forth fully herein.

34.    The Bank denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

35.    The Bank denies the remaining allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36.    The Bank denies the Plaintiffs are entitled to any judgment, damages or relief whatsoever.

## **COUNT SEVEN**

37.    The Bank adopts and realleges its responses to paragraphs 1 through 36 of the Complaint the same as if set forth fully herein.

38.    The Bank denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39.    The Bank denies that Plaintiffs are entitled to any judgment, damages or relief whatsoever.

{B0692442}

Respectfully submitted,


 /s/ Rik S. Tozzi
RIK S. TOZZI Bar No. 7144-Z48R
Attorney for Defendant,
Citibank (South Dakota), N.A. as successor
in interest to Citibank USA National
Association identified in the Complaint as
Citibank USA, N.A.
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone:   (205) 868-6000
Facsimile:   (205) 868-6099
E-mail:      rst@starneslaw.com

{B0692442}

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald G. Madison, Esq.
btjarvis@knology.net

George W. Walker, III, Esq.
walker@copelandfranco.com

J. David Martin, Esq.
martin@copelandfranco.com


/s/ Rik S. Tozzi
RIK S. TOZZI  (Bar No. 7144-Z48R)
Attorney for Defendant,
Citibank (South Dakota), N.A. as successor
in interest to Citibank USA National
Association identified in the Complaint as
Citibank USA, N.A.
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099

{B0692442}